IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL ) | |
| PENSION FUND, et al., ) | |
|                                      Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No: 09-2041-KHV |
| FLUIDYNAMICS INTERNATIONAL, LLC, ) | |
| ) | |
|                                      Defendant . ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Default Judgment (Doc. #5) filed by plaintiffs on May 14, 2009.[1] Plaintiffs originally brought suit against Fluidynamics International, LLC ("Fluidynamics") alleging violations of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Defendant's alleged violations include failure to make appropriate contributions on behalf of its employees to the plaintiff funds as required by ERISA and a collective bargaining agreement between defendant and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, AFL-CIO ("union"). Plaintiffs now seek a judgment by default against defendant in the following amounts:

| | |
|---|---|
| Contributions: | $15,876.08 |
| Liquidated Damages: | $ 1,905.13 |
| Interest: | $ 3,712.13 |

---

[1] Plaintiffs are Boilermaker-Blacksmith National Pension Fund; Boilermakers National Health and Welfare Fund; Boilermakers National Annuity Trust; Boilermakers' Apprenticeship and Training Funds; Curtis G. Barnhill as a fiduciary of the Boilermaker-Blacksmith National Pension Fund, Boilermakers National Health and Welfare Fund, Boilermakers National Annuity Trust, and Boilermakers' Apprenticeship and Training funds; The Mobilization, Optimization, Stabilization and Training Fund; and William Palmisano as a fiduciary of The Mobilization, Optimization, Stabilization and Training Fund.

| | |
|---|---|
| Costs: | $    565.56 |
| Attorney's Fees: | $ 3,210.00 |
| **TOTAL:** | **$ 25,268.90**[2] |

Plaintiffs filed their original complaint on January 27, 2009 and served defendant by hand on February 27, 2009.  See Doc. #2, filed March 5, 2009.  Following Fluidynamics' failure to appear or defend the case, plaintiffs filed their application for entry of default on May 11, 2009.  The clerk entered default against Fluidynamics on that day and plaintiffs filed their motion for default judgment on May 14, 2009.  Defendant has filed no response in opposition to plaintiffs' motion for default judgment.  The Court finds that entry of default judgment is therefore proper pursuant to Rule 55, Fed. R. Civ. P. in the amounts requested.

Section 502(g)(2)(A) of ERISA requires that the Court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 515 of the statute.  See 29 U.S.C. § 1132(g)(2)(A).  Accordingly, judgement for plaintiffs for contributions in the amount of $15,876.08 is proper.

Section 502(g)(2)(C) of ERISA requires recovery of liquidated damages as provided for under the plan in an amount not in excess of 20 per cent of the unpaid contribution amount determined by the court.  See 29 U.S.C. § 1132(g)(2)(C).  The Boards of Trustees of the plaintiff plans have adopted a policy under which the plans impose liquidated damages at the rate of 12 per cent of the unpaid contribution amount.  See Affidavit of Richard L. Calcara ¶4, Ex. A to Doc. #5.  Accordingly, judgment for plaintiffs for liquidated damages in the amount of $1,905.13 is proper.

---

[2]     Plaintiffs originally sought $17,673.60 in delinquent contributions, $2120.83 in liquidated damages, and $3,546.73 in accrued interest, plus costs and reasonable attorneys' fees. See Doc. #1, 7.  Plaintiffs estimated these amounts based upon information provided by the union. See Doc. #5 ¶ 9.  After being served with the summons and complaint, defendant provided plaintiffs with reports documenting its employees' covered work hours for June of 2007, which allowed plaintiffs to clarify the amounts which defendant owed.  Id., ¶¶ 10-13.

Section 502(g)(2)(B) of ERISA requires recovery of interest accrued on an employer's unpaid contributions into a qualified ERISA plan. See 29 U.S.C. § 1132(g)(2)(B). Interest on unpaid contributions is determined by using the rate provided under the plan, or if none is provided under the plan, the rate prescribed under Section 6621 of Title 26. See 29 U.S.C. § 1132(g)(2). Plaintiffs request $3,712.13 in accrued interest, which represents interest at the rate of 12 per cent per annum upon the delinquent contributions and liquidated damages as permitted per the plan from the July 25, 2007 due date. See Affidavit of Richard L. Calcara ¶4, Ex. A to Doc. #5. Accordingly, judgment for plaintiffs for interest in the amount of $3,712.13 is proper.

Section 502(g)(2)(D) of ERISA requires recovery of reasonable attorney's fees and costs incurred during any action to enforce an employer's payment into a qualified plan. See 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request judgment against defendant for attorney's fees in the amount of $3,210.00 and costs in the amount of $565.56. Plaintiffs' original complaint does not allege a specific amount of fees and costs incurred, but the motion for default judgment establishes that they incurred $3,210.00 in attorney's fees and $565.56 in costs. See Doc. #5 ¶14, Affidavit of Angela M. Atkinson, Ex. B to Doc. #5. Because plaintiffs gave notice in their complaint of their general intention to seek costs and fees under Section 502(g)(2) and later specified the exact amount of costs and fees incurred, plaintiff's request for $3,210.00 in attorney's fees and $565.56 in costs is granted.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. #5) filed by plaintiffs on May 14, 2009 be and hereby is **SUSTAINED**. The clerk is directed to enter Default Judgment against defendant Fluidynamics International, LLC and in favor of plaintiffs in the following amounts:

| | |
|---|---|
| Contributions: | $15,876.08 |
| Liquidated Damages: | $ 1,905.13 |
| Interest: | $ 3,712.13 |
| Costs: | $    565.56 |
| Attorney's Fees: | <u>$  3,210.00</u> |
| **TOTAL:** | **$ 25,268.90** |

Dated this 1st day of June, 2009 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u><br>
KATHRYN H. VRATIL<br>
United States District Judge